UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Martha Jane Smith, | ) | C/A No. 6:10-2478-HFF-BHH |
|---|---|---|
| Plaintiff, | ) ) ) REPORT AND RECOMMENDATION | |
| vs. | ) ) | |
| Greenville County School District; Bain M Stewart, Building Service Coordinator; Mike Humbert, Human Resources; Dicky McCuen; Doug Godfrey, Building Services Specialist; Earnestine Turner, Plant Engineer Cherrydale Elem.; Scarlet Black, Principal Cherrydale Elem., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Introduction

Martha Jane Smith ("Plaintiff"), proceeding *pro se*, brings this civil action against her former employer.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. She requests that this Court help her to get her job back. The Complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v.*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

*Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The Court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the Court is not bound to accept without question the truth of Plaintiff's allegations, but rather need only weigh Plaintiff's factual allegations in her favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to

include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Services*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff filed a Complaint against her former employer, the Greenville County School District, because it terminated her employment in February of 2010. On page three of the Complaint, Plaintiff named six individuals as Defendants, and it appears that those six individuals were employed by the Greenville County School District. Plaintiff alleges that she was employed as a custodian at Cherrydale Elementary School in Greenville County. She alleges that after she received a warning(s) for poor performance, she was subsequently fired for poor performance. It appears that the Defendant School District informed the Plaintiff that it had learned that on February 10, 2010, Plaintiff was requested to clean the health room after a student had been sick, but Plaintiff had responded that she was at lunch and the other two custodians should be called to do it. It is not clear whether Plaintiff disputes what actually occurred during the health room incident on February 10, 2010; regardless, Plaintiff admits that the Defendant School District terminated her employment for "consistently poor job." Plaintiff does dispute the reason given for her termination because she alleges it is untrue due to her good job performance. Liberally construed, Plaintiff alleges that the given reason was pretext for her being terminated

because of her disability, her race, and her sex. Plaintiff does not indicate what disability she has nor does she indicate her particular race.[2] Plaintiff alleges that she was "replaced by a non disabled white man." Plaintiff seeks injunctive relief to get her job back or for vocational rehabilitation training because she is having a hard time finding a job.

On August 24, 2010, Plaintiff filed an almost identical civil action in this Court. *See Smith v. Greenville Cnty. Sch. Dist.*, No. 6:10-2211-HFF-BHH (D.S.C.), ECF No.1. On August 31, 2010, this Court entered a Report and Recommendation that the action should be summarily dismissed without issuance and service of process for lack of jurisdiction and failure to state a claim on which relief may be granted. *Id.* at ECF No.10. Within the Report and Recommendation, this Court explained that for Plaintiff to proceed with an employment discrimination case arising under federal law and in order for the Court to have jurisdiction Plaintiff must allege that she filed a claim with SCHAC or that she has received an EEOC right-to-sue letter or is entitled to a right-to-sue letter. On September 7, 2010, Plaintiff filed objections to the Report and Recommendation, and Judge Floyd entered an Order to dismiss that case without prejudice and without issuance and service of process on September 27, 2010.[3] *Id.* at ECF No.12,13.

## Discussion

It is not clear why Plaintiff essentially filed an almost identical action as she had previously filed in *Smith v. Greenville Cnty. Sch. Dist.*, No. 6:10-2211-HFF-BHH (D.S.C.).

---

[2] It is implied that Plaintiff is not white because of her allegation that her replacement is a white person.

[3] Plaintiff filed this action four days prior to the dismissal in *Smith v. Greenville Cnty. Sch. Dist.*, No. 6:10-2211-HFF-BHH (D.S.C.).

Perhaps Plaintiff is attempting to cure the deficiencies in her prior Complaint, and she did more clearly allege the facts in the Complaint in this case than she did in her prior Complaint. However, Plaintiff still does not allege that she exhausted a Title VII or an ADA claim with the appropriate administrative authorities. Therefore, this action should fail for similar reasons as explained by this Court in *Smith v. Greenville Cnty. Sch. Dist.*, No. 6:10-2211-HFF-BHH (D.S.C.). "Federal courts are courts of limited jurisdiction. A district court must jealously protect its jurisdiction, declining to entertain those cases over which it has no jurisdiction but insisting on hearing those matters properly before it." *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530, 531 (D.S.C. 1999). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). "Furthermore, it is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends, ... ." If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* (citing 2 MOORE'S FEDERAL PRACTICE § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If

the Court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the Court will lack subject matter jurisdiction. *Id.*

Title VII, codified at 42 U.S.C. §§ 2000e to 2000e-16, creates a federal cause of action for employment discrimination; however, a Title VII claimant must first exhaust administrative remedies before filing a claim in federal court. *Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999). Similarly, a plaintiff must file a charge with the EEOC before bringing a civil suit for violation of the Americans with Disabilities Act of 1990, codified at 42 U.S.C. § 12101, et seq. *See Davis v. Virginia Commonwealth Univ.*, 180 F.3d 626, 628 n.3 (4th Cir. 1999). *Cf. Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007) (noting that in the Tenth Circuit exhaustion of remedies is a jurisdictional prerequisite to suit). A federal court can assume jurisdiction over a Title VII claim only after the claimant has complied with the various administrative procedures set forth in 42 U.S.C. § 2000e-5(b). *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 136-37 (4th Cir. 1995). These procedures "include an investigation of the complaint and a determination by the [Equal Employment Opportunity Commission (EEOC)] as to whether 'reasonable cause' exists to believe that the charge of discrimination is true." *Id.* at 137. EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter, "which letter is *essential* to initiation of a private Title VII suit in federal court." *Id.* at 138. A plaintiff's claim with the EEOC "defines the scope of [his] subsequent right to institute a civil suit." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Only claims "reasonably related" to those in the EEOC charge may be advanced in a subsequent civil suit. *Id.* South Carolina has anti-discrimination laws similar to those of Title VII and a "deferral agency" with essentially the same powers as the EEOC – the South Carolina

Human Affairs Commission (SCHAC). Accordingly, a claimant must first file his claim with such agency within 180 days from the last act of discrimination. *See id.* (under § 2000e-5(c), "commencement of proceedings under state law is a prerequisite to EEOC action where a state remedial scheme exists."). The purpose of this deferral procedure is to give the state agency a chance to resolve the claim and thereby possibly obviate the need for the involvement of the federal agency or courts.[4] *See id.* at 136. In this case, Plaintiff alleges claims pursuant to Title VII for race and gender discrimination in employment. She also alleges a violation of the ADA because she was allegedly fired due to her disability. As noted above, Plaintiff did <u>not</u> allege in the Complaint that she filed a claim with SCHAC or that she either has received an EEOC right-to-sue letter or is entitled to a right-to-sue letter. Accordingly, this Court has no federal question subject matter jurisdiction over this lawsuit.

If Plaintiff is alleging a state law claim for wrongful discharge, which could come within this Court's diversity subject matter jurisdiction if the diversity statute's requirements are satisfied, for the same reasons set forth in the prior action this Court does not have subject matter jurisdiction. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993)[Table]. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party

---

[4] The timely filing of a verified complaint with the EEOC is another precondition to filing suit. In South Carolina and other deferral states, the complaint must be filed with the EEOC by the earlier of 300 days from the last discriminatory act or 30 days from the termination of the state agency's proceeding.

on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). Plaintiff alleges that she is a resident of Greenville, South Carolina, and it appears that at least one defendant, the Greenville County School District, is located in Greenville, South Carolina. Thus, it appears that complete diversity of parties is not present. Plaintiff does not allege an amount in controversy. Accordingly, this Court has no diversity jurisdiction over this lawsuit because Plaintiff's factual allegations are insufficient to support diversity jurisdiction.

With respect to Plaintiff's suing six individuals who allegedly were employed by the Greenville County School District, those six defendants should also be summarily dismissed. The Fourth Circuit Court of Appeals has held that there is no individual liability in cases brought pursuant to the Title VII or the Americans With Disabilities Act. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998); *Jones v. Sternheimer*, No. 09-2242, 2010 WL 2711305, *2 (4th Cir. July 6, 2010). Accordingly, Plaintiff's claims against the six individual defendants should be dismissed for failure to state a claim on which relief may be granted.

Recommendation

It is recommended that the District Court dismiss this action *without prejudice* and without issuance and service of process for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

s/Bruce Howe Hendricks
United States Magistrate Judge

October 5, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).